THIS ORDER IS APPROVED.

Dated: April 22, 2024

Scott H. Gan, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CAROLYN YVONNE NORRIS,<br><br>Debtor. | Bankr. Case No. 4:23-bk-08748-SHG<br><br>Chapter 7 |
| CAROLYN YVONNE NORRIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; NAVIENT; NAVIENT SOLUTIONS, LLC,<br><br>Defendants. | Adversary No. 4:24-ap-00010-SHG<br><br>**STIPULATED JUDGMENT** |

IT IS HEREBY STIPULATED by and between Carolyn Yvonne Norris ("Plaintiff"), and Educational Credit Management Corporation ("ECMC"), the following facts are true and that judgment be entered in this matter as follows:

1. Plaintiff executed a Federal PLUS Loan Application and Master Promissory Note (the "Note") on or about May 15, 2007, under which one federally guaranteed PLUS loan was disbursed. The loan was disbursed on August 17, 2007, in the amount of $2,000. The loan holds an 8.5% fixed interest rate.

2. The Note evidences a student loan made to Plaintiff under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). The program, referred to as the Federal Family Educational Loan Program (("FFELP"),

formerly known as the Guaranteed Student Loan Program), was established by the Higher Education Act of 1965, as codified at 20 U.S.C. § 1071 *et seq.*

3. ECMC is a private, nonprofit corporation and a guaranty agency under the FFELP. ECMC is a Minnesota corporation with its principal place of business located at 111 Washington Avenue South, Suite 1400, Minneapolis, MN 55401.

4. ECMC currently holds all right, title and interest in the Note.

5. Plaintiff alleges that repayment of her student loan obligation would cause an undue hardship for herself.

6. The unpaid balance of the Note is $6,528.25 as of April 2, 2024.

**STIPULATION**

7. Plaintiff and ECMC agree to a settlement of this adversary proceeding on the following terms:

   A. Plaintiff agrees that her obligation to Defendant ECMC pursuant to the Note shall be nondischargeable.

   B. Plaintiff shall pay a principal balance of $1,000 at a reduced interest rate of 0% in satisfaction of the entire debt stated in Paragraphs 1 and 6.

   C. Plaintiff will make payments of $250 per month to ECMC for a period of 4 months.

   D. Plaintiff's first payment will be due May 15, 2024, and each subsequent payment will be due on the 15th of every month thereafter.

8. Upon compliance with and completion of the terms of this Stipulation, Plaintiff's liability under the Note described in Paragraphs 1 and 6 shall be deemed satisfied, and any remaining balance due under the original terms of the Note will be discharged. Upon discharge, ECMC will execute and deliver a full, final and complete release of liability from the sums owed under the Note described in Paragraph 1. The parties' intention is that the remaining balance will be deemed discharged under the bankruptcy's general discharge order.

9. All payments to ECMC shall be addressed and mailed to:

ECMC
NW Lockbox #8682
P.O. Box 16478
St. Paul, MN 55116-0478

10. If any one payment is more than thirty (30) days delinquent, Plaintiff shall be in default. If Plaintiff fails to cure the default within ten (10) days of the date of the letter notifying Plaintiff of such default, then this Stipulation shall become null and void, and all of the original terms of the Note shall again be in effect, including unpaid principal, interest that would have accrued, and regulatory collection costs if applicable, less any payments made under this stipulation.

11. ECMC's failure to provide a coupon payment booklet, monthly reminder notice, or receipt for payment does not relieve Plaintiff's obligation and/or agreement to make consecutive, timely, monthly payments as described above.

12. Plaintiff may at any time choose to repay her student loan obligation to ECMC in full or in part ahead of schedule without prepayment penalty. Consolidation, however, is not considered prepayment. If Plaintiff consolidates the Note, the amount certified will be the amount due under the original terms of the Note, including any charges or fees allowed by federal regulations and this stipulation shall become void.

13. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

14. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

15. Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference. To the extent that the terms of the Note

conflict with the terms of this Stipulation, the terms in this Stipulation control.

16. The parties of this Stipulation acknowledge that they have been represented by independent counsel of their own choice or have had independent counsel available to them throughout all of the negotiations that have preceded the execution of this Stipulation.

17. This Stipulation and any attachments that are incorporated herein constitute the entire agreement of the parties.

18. Each person signing this Stipulation warrants that he/she is fully authorized to sign this Stipulation on his/her behalf and on behalf of his/her respective predecessors, transferors and/or assignors and that the Stipulation is therefore, binding upon and enforceable against the same.

19. This Stipulation is binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators, predecessors, successors and assigns.

20. Each party hereto agrees to bear his/her own costs, expenses and attorney's fees in connection with the aforementioned lawsuit and claims.

21. All notices sent to Plaintiff pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

    Carolyn Norris
    5775 S Saddle Ridge Lane
    Tucson, AZ 85746

22. Plaintiff will use the following contact information for all contact with ECMC related to this Stipulation:

    ECMC
    Attention: Legal Department
    P.O. Box 64909
    St. Paul, MN 55164-0909
    Email: stipulations@ecmc.org
    Phone: (800) 276-0366, option 2

**DATED AND SIGNED ABOVE.**

The parties to this Stipulated Judgment certify that they have read and fully understand its terms. SO STIPULATED:

Dated: 4-18-2024

*(signature)* Carolyn Norris
5775 S Saddle Ridge Lane
Tucson, AZ 85746
*Pro Se Plaintiff*

Dated: 4/18/2024

EDUCATIONAL CREDIT MANAGEMENT CORPORATION

*(signature)* Robert C. Williams - 033213
Gust Rosenfeld, PLC
One E Washington St., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Educational Credit Management Corporation*

5